CLARK F. WHITTON *vs.* JOHN W. BICKNELL.

An action cannot be maintained upon a recognizance given by a defendant arrested on an execution, if the judgment upon which the execution issued has been reversed upon a review.

CONTRACT upon a recognizance. A trial by jury was waived in the superior court, and *Brigham*, J. rendered judgment for the plaintiff, on facts which are stated in the opinion. The defendant alleged exceptions.

*G. E. Betton,* for the defendant.

*E. M. Bigelow,* for the plaintiff.

HOAR, J.   The question in this case is, whether an action can be maintained upon a recognizance, given by a defendant arrested on an execution, when the judgment upon which the execution issued has afterward been reversed upon a review; and the court are of opinion that it cannot.   The whole foundation of the action has failed.

It is argued for the plaintiff that the recognizance was a satisfaction of the execution and judgment.   This is true, in the sense that it would be a bar to any further proceedings to enforce the collection of the execution, and that the remedy of the execution creditor would be upon the recognizance only. *Coburn* v. *Palmer,* 10 Cush. 273.   *Kennedy* v. *Duncklee,* 1 Gray, 65.   But by the reversal of the judgment, the right to the debt is extinguished, and all further remedies for its collection are taken away.   The recognizance is a substitute for the arrest and imprisonment, which were *prima facie* a satisfaction of the execution; and an action on the recognizance is barred for the same reason that the defendant would be entitled to his discharge from imprisonment, if he were in custody when the judgment was reversed.

The judgment in review, reversing the original judgment, was warranted by law.   Rev. Sts. *c.* 99, § 10.   As was said by Chief Justice Shaw, in *Carrique* v. *Bristol Print Works,* 8 Met. 446, " In review, the court are limited to no form of judgment, but will render such special judgment as the just and legal rights of the parties require."   A reversal of the former judgment, if it were erroneous, is one appropriate method of establishing the rights of the party against whom it was recovered, if there has been no actual satisfaction of it.   The General Statutes have somewhat condensed and abbreviated the language of the Revised Statutes in relation to judgments upon review, but have not altered the effect of previous provisions.   No intention to introduce any change in substance is intimated in the report of the commissioners, and we think no change has been effected. Gen. Sts. *c.* 146, § 32.   The provision in § 38, that the execution

40 *

shall not be superseded or stayed by the writ of review, unless where security has been given by the judgment debtor to prosecute his review, and satisfy such execution as may be issued against him on the review, has no application to the operation of the judgment in review.                *Exceptions sustained.*